FRANZ J. WEBER *et al.*

*v.*

HENRY L. HERTZ, Coroner.

*Opinion filed October 19, 1900—Rehearing denied December 11, 1900.*

1. APPEALS AND ERRORS—*failure to comply with rules concerning briefs and abstracts is ground for affirmance.* Failure of the appellant to comply with rules 15 and 27 of the Supreme Court, concerning the preparation of briefs and abstracts and forbidding the use of Appellate Court briefs and arguments except when it is important to determine what questions were raised in the Appellate Court, is ground for affirmance.

2. REPLEVIN—*one partner cannot replevy co-partner's interest.* One partner cannot maintain replevin against an officer who has levied on his co-partner's interest in partnership property.

· 3. EVIDENCE—*creditors of vendor may call upon him to prove that sale was fraudulent.* Creditors of a vendor in a bill of sale have the right to call him as a witness, and prove, if they can, that the sale was merely colorable, to delay creditors.

. 4. LEVY—*what does not render levy on partner's interest invalid.* If the sheriff levies upon the interest of one partner in the firm prop-

erty and seizes the entire firm assets, it is no objection to the levy that it enumerates the articles levied upon, since it cannot be said that the sheriff thereby segregated such articles as the property of such partner.

*Weber* v. *Hertz*, 87 Ill. App. 601, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

J. HENRY KRAFT, for appellants.

EDGAR BRONSON TOLMAN, for appellee.

Per CURIAM: This action of debt on a replevin bond was begun in the circuit court of Cook county by appellee, against appellants. By agreement of the parties the case was tried before the court without a jury, and judgment rendered for the plaintiff for $3000 debt (the penalty of the bond) and $1383 damages, and costs of the suit. On appeal to the Appellate Court that judgment has been affirmed.

Counsel for appellants has filed in this court the brief and argument filed by him in the Appellate Court, consisting of some twenty-five printed pages, and, as was proper in that court, largely devoted to a discussion of the facts. To this are appended four or five pages, headed "Comment on Appellate Court opinion." Rule 15 of this court prescribes the manner and form in which briefs and arguments shall be prepared, and says: *"Provided,* that where it may be important to determine what questions were raised in the Appellate Court, certified copies of the briefs and arguments filed and used in that court may be filed in this court on motion and leave granted. Briefs filed in the Appellate Court *will not be received for any other purpose."* By rule 27, abstracts and briefs of plaintiff in error or appellant "must be filed in the clerk's

office on or before the time required for filing the transcript of record, * * * and in case either the abstract or brief is not so filed within the time prescribed, the judgment of the court below will, on the call of the docket, be affirmed." Under this rule the judgment of the court below must be affirmed.

We have, however, given consideration to appellants' "comments" on the opinion of the Appellate Court, and the brief and argument of counsel for appellee, and are clearly of the opinion that none of the alleged errors on the record of the circuit court are well assigned. The method adopted by that court in fixing the amount of plaintiff's damages and ordering the judgment staid after it was rendered are irregularities of which appellee might have complained but which are in no sense prejudicial to the appellants. The circuit court's rulings on the competency of testimony, the legality of the levy under which the sheriff held the property replevied when the bond in suit was given, and that one partner can not maintain replevin against an officer who has levied on his co-partner's interest in partnership property, are each well sustained by the decisions of this court as well as other authorities.

The declarations of Zacharias, the vendor in the second bill of sale to Weber, were not received in evidence. He was introduced as a witness by plaintiffs below, and testified to facts tending to prove that the sale was merely colorable, to delay his creditors. His evidence was objected to on the ground that he could not be heard to impeach his own bill of sale, which objection was overruled. He was not seeking to avoid the sale, but his creditors were attacking it as fraudulent against them. There is no rule of evidence which would deprive these creditors of the right to put either or both of these parties to the alleged fraudulent transaction on the witness stand, and prove by them, if they could, that the whole transaction was a sham and fraud. It would be strange

if the law would deny creditors of a fraudulent vendor the right to introduce him as a witness and make him confess the fraud on his part. Whether the vendee would be bound by his fraudulent purpose would, of course, depend upon notice to him or his participation in the fraud.

The ground upon which it is claimed the sheriff's levy upon Zacharias' co-partnership interest in the firm property was invalid is, that instead of being "upon all the right, title and interest" (the whole interest) that he had in the firm, the levy was "upon all the right, title and interest of said defendant in and to the following described property, to-wit:"—naming the articles of property of the firm seized. It seems to be thought that the levy as made was illegal under the rule that a sheriff or other officer holding an execution cannot levy it upon any articles of partnership property and segregate that as the property of the defendant partner, but must levy upon the partner's interest in the whole stock. (*Swan* v. *Gilbert*, 175 Ill. 204, and authorities cited.) By this levy which the sheriff made he did not attempt to separate articles of property from the firm stock. He levied upon the interest of the defendant in the property and seized the entire firm assets. The objection seems to be that he enumerated the articles levied upon. But that certainly could not affect the validity of the levy. Had the property been sold, all the defendant's right, title and interest in it would have passed to the purchaser, and he occupied the same position in the firm as the defendant had previously occupied, holding the property subject to the firm debts and liabilities.

We think the Appellate Court properly affirmed the judgment of the circuit court. Its judgment will accordingly be affirmed. *Judgment affirmed.*