## The McArthur Bros. Company

### *v.*

### George E. Whitney.

*Opinion filed April 24, 1903.*

1. Briefs—*Appellate Court briefs should not be re-filed in Supreme Court.* Re-filing Appellate Court briefs in the Supreme Court without leave is an infraction of Rule 15 of the Supreme Court, (168 Ill. 13,) and is ground for affirming the judgment.

2. Pleading—*assumpsit lies if contract is executed.* While a contract remains executory the plaintiff must declare specially, but when it is fully executed and nothing remains to be done but to pay the amount due, he may declare generally in *indebitatus assumpsit.*

3. Evidence—*what is competent in an action on contract for grading.* In assumpsit by a sub-contractor on grading work, if defendant claims a set-off for men and teams hired by him to help complete the work, evidence of the amount and value of the grading done by the plaintiff before such teams were put to work is admissible, even though the contract limit had then expired.

4. Same—*burden of proving set-off is on the defendant.* If plaintiff is entitled to recover the contract price of his work less the value of the work performed by the defendant, the burden is upon the defendant to prove the value of the work so performed by him.

5. Appeals and errors—*theory on which case was tried must govern on appeal.* If a case is tried upon the theory that defendant, a corporation, could only offset the reasonable value of the work performed by its men and teams, it cannot insist, upon appeal, that the actual amount paid out should have been allowed.

*McArthur Bros. Co.* v. *Whitney,* 104 Ill. App. 570, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. Francis M. Wright, Judge, presiding.

This was an action of assumpsit brought by the plaintiff, against the defendant, in the circuit court of Champaign county, to recover the contract price of ten cents per cubic yard for doing the grading for double-tracking the Illinois Central railroad for a distance of about three miles. The declaration contained two special counts and

the common count of *indebitatus assumpsit* for work and labor. The defendant filed the general issue and notice of set-off. The jury returned a verdict in favor of the plaintiff for $1200, upon which the court, after overruling a motion for a new trial, rendered judgment, and the defendant prosecuted an appeal to the Appellate Court for the Third District, where the judgment was affirmed, and a further appeal has been prosecuted to this court.

The defendant entered into a contract with said railroad company to do said grading and sub-let the above portion thereof to the plaintiff. The contract between the plaintiff and defendant was in writing, bearing date October 23, 1900, and required the work to be commenced within ten days and to be completed by the 20th day of the following month, and provided that if at any time, in the opinion of the defendant, the plaintiff was not employing a sufficient force to complete the work within the time stated in the contract, the defendant had the right to place on the work a sufficient additional force to complete the same within the time agreed upon for its completion, and to deduct the cost thereof from any money which should be due plaintiff under the contract. The work was not completed by the plaintiff by November 20, and a few days after that date the defendant put a force of men and teams on the work and kept them there until the work was completed. At the time defendant put its men and teams upon the work about one-half the grading had been completed by the plaintiff, and the main question of fact contested upon the trial was as to the amount that should be deducted from the contract price of the work, when completed, for the work done by the defendant's men and teams. There were 22,439 cubic yards of earthwork, which at the contract price amounted to $2243.90, and the defendant claimed it had paid out to assist in completing the work $2033.33, which left the sum of only $210.57 due the plaintiff at the time suit was brought, which it offered to pay.

Manford Savage, for appellant.

Ray & Dobbins, and Walter B. Riley, for appellee.

Mr. Justice Hand delivered the opinion of the court:

The brief and argument filed by the appellant in this court is the brief and argument filed in the Appellate Court, with a new cover, and an *addendum* criticising the opinion of the Appellate Court. The practice of re-filing in this court the brief and argument filed in the Appellate Court has been repeatedly condemned by this court, (*Weber* v. *Hertz*, 188 Ill. 68; *Daum* v. *Cooper*, 200 id. 538;) and the judgment of the court below might well be affirmed for an infraction of rule 15 of this court. The case will, however, be disposed of upon its merits.

It is contended that a recovery cannot be had under the declaration. At the time suit was commenced the contract was fully executed and all the work was completed, and nothing remained to be done by the defendant except to pay the plaintiff the money due him. The law is well settled that while a contract continues executory the plaintiff must declare specially, but when it has been fully performed and nothing remains to be done but to pay the amount due the plaintiff, he may declare generally in *indebitatus assumpsit.* (*Union Elevated Railroad Co.* v. *Nixon*, 199 Ill. 235.) The court did not err in holding that a recovery might be had under the common count of *indebitatus assumpsit.*

It is also contended that the court erred in admitting evidence to show the amount and value of the grading done by plaintiff prior to the time when defendant put its men and teams upon the work. The defendant did not have the right arbitrarily to put its men and teams upon the work under the terms of the contract, but it must have had reasonable grounds to believe that the work was being unreasonably delayed before it could do so, and it was proper that the jury, in determining the

right of the defendant to put its men and teams upon the work and the amount it was entitled to recover for said work, should be advised as to how far the grading had advanced at the time the defendant's men and teams went to work; and the fact that the defendant's men and teams did not go to work until after November 20,—the time when the work was to have been completed according to the terms of the contract,—would not change the rule, as the defendant, in failing to put its men and teams upon the work so that it might have been completed by the time fixed in the contract, and by afterwards permitting the plaintiff, without objection, to complete the work and by assisting him in so doing, waived its right to insist that the grading should have been completed by the date fixed by the contract.

It is also contended the court erred in instructing the jury that the defendant could only offset against the contract price for the entire work the reasonable value of the grading done by the men and teams of the defendant in assisting in completing the work. The case appears to have been tried in the court below upon the theory that the defendant was entitled to deduct from the contract price of the work only the reasonable value of the work performed by the defendant. The defendant inquired of its witnesses, while upon the stand, as to the value of the work performed by the men and teams of defendant, and the witnesses of plaintiff testified upon that subject, and the court instructed the jury, at the defendant's instance, in its first instruction, that if the defendant performed the work in accordance with the terms of the contract, "then the cost and expense of such work so done by defendant, if a reasonable cost and charge, would be a charge against plaintiff under said agreement;" and in its third instruction, after referring to the work done by defendant, the jury were informed the "defendant is entitled to have such costs and charges allowed it in this action, if the evidence shows that such

costs are reasonable for the work and services performed."
The case having been tried in the court below on the
theory that the defendant could only offset the rea-
sonable value of the work done by it, it cannot in this
court be heard to say that it should have been allowed
the amount paid out by it for the work, regardless of
the value thereof.

It is also contended that the court improperly in-
structed the jury that the burden of proof was upon the
defendant to show the value of the work performed by it.
The plaintiff was entitled to recover the contract price
of the work less the value of the work performed by
defendant, and the burden of proof was upon it to show
the amount of its set-off.  The instructions were substan-
tially correct.

Finding no reversible error in this record the judg-
ment of the Appellate Court will be affirmed.

*Judgment affirmed.*