## THE COOKE BREWING COMPANY

### *v.*

### STEPHEN RYAN.

*Opinion filed October 23, 1906.*

1. APPEALS AND ERRORS—*violation of Supreme Court rule 15 is ground for affirmance.* Violation by the appellant of rule 15 of the Supreme Court, in filing in that court the brief filed in the Appellate Court without an appendix containing the Appellate Court's opinion in the case, is ground for affirmance.

2. TRIAL,—*when instruction to take case from jury should be denied.* Evidence that defendant's beer wagon was being driven at a gallop and that the empty barrels and kegs were loosely loaded and bounding about, so that one of them fell off and injured the plaintiff, is sufficient to justify submission of such issues to the jury, even though there is evidence that the horses were trotting slowly and the kegs and barrels were firmly packed and not moving about in the wagon, but that plaintiff pulled one off when attempting to jump on the wagon.

3. NEGLIGENCE—*jury may consider fact of intoxication of defendant's servant.* If there is evidence that defendant's wagon was improperly loaded and recklessly driven and managed, it is proper for the jury to consider the fact of the intoxication of the driver as characterizing the manner of his managing the team and wagon; and an instruction stating that, even if the jury believed the driver was intoxicated, his condition did not help to bring about the accident and the defendant should not be held liable for negligence because of the driver's intoxication, is properly refused.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county in favor of the appellee for the sum of $10,000.

The declaration contained one count, which averred the defendant, in connection with its brewery, possessed and operated a certain beer wagon used for hauling beer kegs and barrels; that at the time of the injury of the plaintiff a servant of the defendant was driving a team attached to said beer wagon, which was loaded with empty beer kegs or barrels, upon and along Twenty-sixth street, in the city of Chicago, near its intersection with Emerald avenue; that the wagon was negligently and improperly loaded and the horses attached thereto were managed and driven in a reckless and careless manner; that as a result thereof one of said beer kegs or barrels was thrown and fell from said wagon to and upon the plaintiff, whereby he was injured, etc.

The facts are, in brief, that on July 2, 1898, one of defendant's servants was driving a team attached to one of its wagons eastward along Twenty-sixth street, an east and west public street in the city of Chicago, upon which were located two street car tracks. As the wagon was crossing Emerald avenue, a north and south public street in said city, the driver turned from the north street car track into the south track. The plaintiff was a boy seven and one-half years of age at the time he was injured. While the evidence was conflicting, that of the plaintiff fairly tended to show he was crossing Twenty-sixth street from north to south, on the east cross-walk, upon Emerald avenue; that as the team and wagon approached the cross-walk he stopped to allow it to pass; that one of the empty beer kegs or barrels with which the wagon was loaded, as the wagon passed the plaintiff, was thrown or fell from the north side of the wagon to and upon the plaintiff; that the wagon was being driven at a high rate of speed; that the driver was intoxicated, and that the kegs or barrels in the wagon were placed so loosely that they were bouncing and lurching to and fro in the rack upon the wagon as the team and wagon approached said walk, and that as the wheels of the wagon dropped into the south street car track an empty keg or barrel was thrown from the wagon and struck the plaintiff. It was claimed by the defendant on the trial that the plaintiff, at the time he was injured, in company with other boys, was trying to climb upon said wagon, and in so doing took hold of the keg or barrel which fell upon him, and pulled it over, and that he and the keg or barrel fell to the ground, and he was injured.

The contentions of the appellant in this court are, the trial court erred in refusing a peremptory instruction in favor of the defendant at the close of all the evidence, and in declining to give to the jury certain instructions offered on behalf of the defendant.

E. E. GRAY, F. J. CANTY, and J. C. M. CLOW, for appellant.

JAMES C. McSHANE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant has filed in this court the brief filed by it in the Appellate Court, and has failed to file in this court, as an appendix to its brief or otherwise, the opinion of the Appellate Court rendered in this case by that court. For a failure to comply with rule 15 of this court (204 Ill. 13,) in those particulars the judgment of the Appellate Court might well be affirmed. (*Weber* v. *Hertz,* 188 Ill. 68; *Daum* v. *Cooper,* 200 id. 538; *McArthur Bros. Co.* v. *Whitney,* 202 id. 527; *Chadwick* v. *People,* 206 id. 122.) We have, however, considered the case upon its merits, and are of the opinion the evidence was such that it was clearly the duty of the trial court to submit the case to the jury, and that that court did not err in refusing appellant's forty-second, forty-fourth and forty-fifth offered instructions. The court gave to the jury, upon behalf of the defendant, twenty-six instructions, which covered every phase of the case, and the forty-second and forty-fifth offered instructions, the refusal of which is complained of, were specific directions to the jury, first, that there was no evidence before them from which they could infer the defendant was not using ordinary care in respect to the rate of speed at which the team and wagon were being driven at the time of the injury to plaintiff; and second, that there was no evidence in the case which would justify the jury in finding that the wagon was loaded in an improper manner, and that upon each of said propositions they should find for the defendant.

The evidence was conflicting as to the rate of speed at which the team and wagon were being driven at the time of the injury, some of plaintiff's witnesses testifying the horses were galloping, while some of the witnesses for the defendant testified they were going along at a slow trot. The same was true as to the manner in which the wagon was loaded. Some of the witnesses testified the empty kegs

or barrels in the wagon were thrown in loosely and were bouncing and lurching about as the team and wagon were rapidly driven over the street car rails, and one witness for the plaintiff testified that as the wheels of the wagon dropped into the south street car track the empty keg or barrel which struck the plaintiff bounced up into the air and then over the side of the wagon, while some of the witnesses for the defendant testified the kegs and barrels on the wagon did not move, but remained stationary in the wagon as it was moving along the street. This court does not weigh the evidence in cases of this character, but if there is evidence in favor of the plaintiff which fairly tends to show a right of recovery in the plaintiff, the case should be submitted to the jury. Here the court had refused a general instruction to take the case from the jury, and with the series of instructions afterwards offered on behalf of the defendant it sought, by dividing the issues, to have the court eliminate from the consideration of the jury all the evidence which showed a right of recovery on the part of the plaintiff. This the court could not properly do if there was evidence, which there was, in the case fairly tending to support the theory of the plaintiff upon those issues.

By the forty-fourth offered instruction the court was asked to instruct the jury that although they might believe, from the evidence, the driver in charge of the team was drunk at the time of the accident, his condition in that regard did not help to bring about the accident, and that they should not hold the defendant guilty of negligence by reason of the fact that the driver was intoxicated at the time the injury occurred. There was no averment in the declaration that the driver was intoxicated at the time the injury occurred. We think it was proper, however, for the jury to consider his condition at that time with reference to intoxication. If the wagon was in fact improperly loaded and was being driven over and across the street car tracks at a high rate of speed, and the empty kegs and barrels upon the wagon,

while being so driven, were bounding and lurching to and fro in the rack, it was clearly proper to show that the driver was intoxicated at that time to characterize the manner in which he was managing the team and wagon at the time the accident occurred, as it is a matter of common knowledge that men generally, when intoxicated, are more likely to drive recklessly and negligently than when they are sober. It was therefore improper, in view of the evidence, for the court to inform the jury that the conduct of the driver did not help to bring about the accident, as that was a question for the jury, and the instruction was properly refused.

Finding no reversible error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*