## Art Craft Re-Roofing Company, Plaintiff in Error, v. William Williams, Defendant in Error.

478

Opinion filed February 1, 1932.

J. B. HARRIS, for plaintiff in error.

HARRY FAULKNER, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The parties entered into a written contract by the terms of which plaintiff in error agreed to put a new roof on a building for defendant in error for the sum of $315 which included the taking off of the old shingles. The old roof consisted of asphalt shingles and the new roof was of the same general character. The original estimate for the new roof was $390 and plaintiff in error expected to remove the old shingles and to realize therefrom the sum of $75 and the price was reduced accordingly. Plaintiff in error undertook to remove the old shingles but found that it could not be done without breaking practically all of them. Instead of taking the matter up with defendant in error, a new roof was placed upon the old roof and defendant in error refused to pay for the same. Suit

was brought and the trial resulted in a verdict and judgment for defendant in error.

We are of the opinion that the removal of the old shingles was a substantial part of the contract. An intentional departure from a substantial provision of a building contract will bar a recovery regardless of the presence or absence of an intent to gain some advantage thereby. *Smedley v. Walden,* 246 Mass. 393, 141 N. E. 281. If plaintiff in error had fully performed the contract, it would be entitled to the contract price. If a substantial performance were shown it could only recover the contract price after deducting the sum required to remedy the omissions which, when remedied, would make performance complete.

Substantial performance is performance except as to unsubstantial omissions, with compensation therefor. When the omission is slight and unintentional, in order to prevent a hardship of a failure to recover even for that which was well done, compensation is substituted *pro tanto* for performance. The contractor cannot recover the entire contract price when defects or omissions appear; for he must show, not only that they were unsubstantial and unintentional, but also the amount needed to make them good, so that it can be deducted from the contract price, and a recovery had for the balance only. This is an essential part of substantial performance, and hence the proof should be furnished by the one who claims substantial performance. Where there are deviations of so essential a character that they cannot be remedied without partially reconstructing the building, they do not come within the rule of substantial performance. *Spence v. Ham,* 163 N. Y. 220, 51 L. R. A. 238.

A contractor suing to recover for substantial performance of his contract must furnish the evidence properly to measure the deductions necessary to remedy the defects and omissions. *Atkinson v. Jackson Bros.* (Tex. Com. App.), 270 S. W. 848, 38 A. L. R.

1377. In the case at bar there was an intentional departure from a substantial provision of the contract and that would bar a recovery. The old shingles could not be removed without removing the new shingles and there was no evidence as to what it would cost to make those removals and replace the new shingles. If the judgment can be said to be a hardship upon plaintiff in error it is quite evident that it brought it upon itself. Before laying the shingles on the old roof it should have taken the matter up with defendant in error and procured his consent. No reversible error having been pointed out, the judgment is affirmed.

*Affirmed.*