## Hood Construction Corporation, Appellee, v. Clark-Randolph Property, Inc., Appellant.

### Gen. No. 45,730.

Opinion filed June 30, 1952. Released for publication July 15, 1952.

LYLE, HAVEY & GAGER, of Chicago, for appellant.

CHARLES R. BARRETT, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from a judgment for $545 entered on the finding of the court in an action on a written contract which provides for the installation by plaintiff of a 1200-gallon oil tank under the sidewalk

adjacent to the defendant's premises located at 145 North Clark Street in the City of Chicago, Cook county, Illinois.

While the plaintiff was installing the oil tank under the sidewalk in the space formerly occupied by a coalbin, a controversy arose between the parties about the location of the air-vent pipe from the oil tank. It is uncontroverted that notwithstanding defendant's objection plaintiff placed the air-vent pipe in the sidewalk against the face of defendant's building. The air-vent pipe, which permits the escape of air or gases while the oil tank is being filled, extends from the oil tank upward through the sidewalk above the surface thereof. The filling line of the oil tank is located under the cover of the old coalhole in the sidewalk near the curb.

In its defense, defendant denied that the installation of the oil tank and incidental work was performed in a good and workmanlike manner in accordance with the specifications and directions of defendant.

Defendant urges that the air-vent pipe is a hazard to the public and that it defaces defendant's building.

Joseph Hylard, an inspector in charge of inflammable-tank installations for the Building Department of the City of Chicago, testified that he had inspected and approved the installation of the air-vent pipe in question; that the ordinances of the City of Chicago require the fill pipe for underground storage tanks containing flammable liquids shall be carried to a location outside of all buildings and shall be more than five feet from any door or window opening; that the air-vent pipe must be accessible and visible to the person filling the tank; and that there was no other location on the defendant's premises where the air vent could have been installed to comply with the ordinances of the City of Chicago. The pertinent provisions of the ordinances were read into the record.

433

Frank A. Hood, president of plaintiff corporation, testified that defendant agreed to have the oil tank placed under the sidewalk in the old coalbin and that this location was approved of by the inspectors of the Building Department of the City of Chicago.

According to the testimony of one Cerf, manager of defendant's building, at the time the agreement was executed "there was no specific mention as to where the air vent pipe should be installed."

█ In support of its position defendant relies on *Art Craft Re-Roofing Co. v. Williams*, 264 Ill. App. 477, in which the court held that an intentional departure from a substantial provision of a building contract will bar a recovery regardless of the presence or absence of an intent to gain some advantage thereby. We think that case is readily distinguishable from the instant case for the reason that there is no evidence tending to show an intentional departure from a substantial provision of the contract here involved. In fact, the contract contains no provision indicating where the air-vent pipe was to be placed. Moreover, so far as the evidence shows, the plaintiff had no alternative, since the agreement expressly provides that all the work done by plaintiff shall be in accordance with "the City Building Department requirements." Under the ordinances of the City of Chicago relating to underground storage tanks, plaintiff was compelled to place the air vent where it did in order to obtain the approval of the City.

█ An examination of the photograph introduced by defendant shows the vent pipe against the face of the building, and the evidence discloses that it rises about twenty-eight inches above the surface of the sidewalk. It is a matter of common knowledge that most of the buildings in the area known as the "Loop," where defendant's building is located, have water standpipes and hydrants which project from the walls

of the buildings above the sidewalks for greater distances than the air-vent pipe here in controversy. Under the circumstances shown by the evidence in this case, we cannot say that the location of the air-vent pipe constitutes either a public hazard or that it defaces the building. In any event, the damage, if any, caused by the alleged defacement is inconsequential.

The trial court heard and saw the witnesses and we must give due weight to the trial court's superior advantage in passing on the facts and judging the credibility of the witnesses. *Jorn v. Tallett*, 341 Ill. App. 240.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*

Kiley, P. J. and Feinberg, J., concur.