Anna M. Rasmussen and Eugene Rasmussen (Anna M. Rasmussen, Appellant), v. Airway Concrete Placement Corporation and Edwin A. Hoyum, Appellees.

Gen. No. 64–76.

Second District.

May 4, 1965.

Rehearing denied September 20, 1965.

 ██

Joslyn, Parker, Kell & Conerty, of Woodstock, and Thomas, Davis & Kostantacos, of Rockford (Charles S. Parker and Kenneth W. Traum, of counsel), for appellant.

Pedderson, Menzimer & Conde, of Rockford (Dale F. Conde, of counsel), for appellee.

PETERSEN, J.

In April 1964, plaintiff obtained a judgment against defendants in the sum of $17,187.50 with $1,500 attorney fees on Counts I and II of plaintiff's complaint, based upon a note dated April 28, 1960, signed by Airway Concrete Placement Corporation by Edwin A. Hoyum, president and treasurer thereof. On an amended and substituted Count III against the defendant, Edwin A. Hoyum's personal guarantee of said note, the trial court, without a jury, found the issues on said amended and substituted Count III for the defendant, Edwin A. Hoyum, which judgment for the defendant, Hoyum, plaintiff appeals. Counsels' brief and the oral argument ably sets forth the cases and law dealing with the subject of fiduciary relationship, fraud and the quantum of proof necessary to establish a fiduciary relationship or lack thereof. The trial judge, in his summary remarks, states that the defendant, Hoyum, in the trial court's opinion, was not guilty of fraud, although the trial judge further states that probably there was a fiduciary relationship.

Without detailing the evidence offered, suffice it to state that there were contradictions offered by the plaintiff, who at the age of sixty-four years, was the owner and operator of a successful mink farm. In this

operation, she handled the financial reins. This is borne out by the evidence and by the fact that the series of promissory notes bore not the usual rate of interest, but at her insistence the unusual rate of 10% interest. These factors, considered with her insistence that she counseled with her attorneys and financial advisors, were in all probability factors that the trial judge in his discretion did consider and evaluate.

██ ██ A reviewing court should not substitute its judgment as to the creditability of witnesses for that of a trial court unless the findings are manifestly against the weight of the evidence. It is the function of the trial court to evaluate the testimony and it is not the reviewing courts' job to make a reevaluation, unless extraordinary reasons are suggested or that it can be said such findings are clearly erroneous. People ex rel. Buell v. Bell, 20 Ill App2d 82, 155 NE2d 104.

The trial court has a particular advantage in evaluating testimony as was said in Pittman v. Lageschulte, 45 Ill App2d 207, 195 NE2d 394, quoting with approval Burton v. State, 111 NE2d 892, 898 (Ind).

"In his effort to ascertain the truth, the trial judge has a conspicuous advantage. The printed or typewritten record fails to reveal to this Court what the trial judge so plainly sees. It is difficult enough to evaluate human testimony without trying to do so from a reading of testimony. Such does not reveal the appearance of the witness, his composure or lack of it, his changing facial expressions, the ready response, the halting answer, the appealing glance of counsel and the many indicia of truth or falseness that means so much to the experienced lawyer or trial judge."

██ Being mindful of the ever increasing burden of trial judges, it is not difficult to understand trial judges' remarks. While the trial court's statement about "proving fiduciary relationship" may not have

been in the best tradition of court procedure, we do not feel that it was inimical to the justice of the final decision. We feel that this trial judge may have, and others do, commit errors that are not necessarily reversible errors, and that these errors, if they be errors, have no bearing on the ultimate decision or ruling. We feel that it is not every error that a trial judge may commit that justifies a reversal or remandment for a new trial. In this case, we concur with the trial judge that the evidence demonstrates no fraud. We are convinced that this judgment in the trial court was proper and, accordingly, is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.