Victor I. Godfrey and Norma B. Godfrey, a Partnership, d/b/a Rock River Lumber Company, Plaintiffs-Appellants, v. Gerald J. Brown and Elaine M. Brown, Defendants-Appellees.

Gen. No. 66–52.

Third District.

April 4, 1967.

Harold C. Lounsberry, of Rock Island, for appellants.

Sam F. Skafidas, of East Moline, for appellees.

ALLOY, J.

This is an appeal from a judgment of the Circuit Court of Rock Island County in the sum of $113.50 in favor of defendants Gerald J. Brown and Elaine M. Brown as against plaintiffs Victor I. Godfrey and Norma B. Godfrey, a partnership, d/b/a Rock River Lumber Company. The record discloses that plaintiff-company had entered into an agreement to build a certain portion of a two-story home for defendants for the sum of $11,065 following certain specifications. Defendants made two payouts to plaintiffs totaling $6,660 but refused to make the last payout amounting to $4,405. Action was then instituted by plaintiff to recover such amount together with the sum of $335.50 which was sought to be paid for a certain fill which was furnished to defendants. By way of defense, defendants counterclaimed for certain sums and also alleged that certain work furnished by plaintiff was defective and required correction. On trial of the cause, the trial court found that defendants were entitled to $4,854 to replace certain items which were required by the terms of the contract to be furnished by plaintiff. The trial court then entered judgment for defendants in the amount of $113.50 which is the difference between the amount found due the plaintiff-company and the amount found due the defendant-owners. The court also conditioned the judgment on a dismissal of a lawsuit in Henry County and on the supplying of any and all lien waivers which might be required to clear title to the premises of mechanic's and materialmen's liens.

 On appeal in this court, plaintiff-company contends (1) that the court erred in the measure of damages; (2) that the judgment was against the weight of the evidence; and (3) that the judgment was conditional and, therefore, uncertain and void. It is apparent from the record that in some instances the court accepted the

454

estimates of plaintiff's witnesses which were higher than those of defendant but there was no specific objection to any of the estimates so introduced. The court was obviously justified in accepting the estimate which the court felt was the truest estimate. It is not necessary for us to review the evidence which was presented other than to observe that the trial court heard and saw the witnesses and we must give due weight to the trial court's advantage in this respect in passing upon the evidence and judging the credibility of the witnesses. Under such circumstances we will not substitute our judgment for that of the trial court (Hood Const. Corp. v. Clark-Randolph Property, 347 Ill App 432, 107 NE2d 37; Rassmussen v. Airway Concrete Placement Corp., 61 Ill App2d 85, 210 NE2d 65).

█ The portion of the judgment which sought to provide for dismissal of another lawsuit in a different county and supplying of lien waivers can be treated as surplusage. The remainder of the judgment is specific in terms and is not lacking in definiteness or certainty. The portion of the judgment described as Paragraph 6 thereof is hereby deleted and the remainder of the judgment will stand. The surplusage which was included originally will not operate to vitiate an otherwise good final judgment (Kuolt v. Canright, 202 Ill App 502, 505).

██ Defendant has also contended on appeal in this court that since repair of the defects would require substantial tearing down and rebuilding of the structure, the measure of damages should be the difference between the work as it had been performed in accordance with the contract and that which was actually done, or the difference between the value of the defective structure and that of the structure properly completed. In the trial of this cause, no objection was made by plaintiffs as to defendants' evidence of the amount of damages sustained by defendants. Plaintiffs now on appeal are not in a

position to object to the evidence thus introduced as to damages nor may they change their theory on appeal and raise an issue which was never raised at any time in the trial court. Both parties had accepted the same theory as to the measure of damages applicable in this case during the trial and we will not on appeal substitute an entirely different theory as to damages (Cleveland, C., C. & St. L. R. Co. v. Stephens, 173 Ill 430, 434, 51 NE 69; McArthur Bros. Co. v. Whitney, 202 Ill 527, 531, 67 NE 163).

This cause will, therefore, be affirmed with judgment modified as herein specified.

Affirmed as modified.

STOUDER, P. J. and CORYN, J., concur.