THE OTTAWA GAS LIGHT AND COKE COMPANY, Appellant, *v.* JAMES GRAHAM, Appellee.

APPEAL FROM LASALLE.

In an action on the case for injury to property, and especially to a well by rendering the water impure, all the circumstances may be proved and considered; and to ascertain the damages, the cost of furnishing water to the family, having regard to quality and quantity, may be taken into the account in the estimate —also, the difference in value of the property, owing to the erection of gas or other offensive structures in its vicinity.

Jurors may be instructed to weigh evidence by the light of their general knowledge and experience as applied to the events and transactions of life, but it is erroneous to instruct them to apply special knowledge or circumstances connected with the case in forming their verdict; unless the jurors shall have been sworn as witnesses.

THIS was an action on the case brought by the plaintiff below against the defendant below for injury to the water of plaintiff's well, occasioned by defendant having "suffered to flow from its gas works, and to be placed in and around and near the same, certain noxious and offensive substances and materials used in and about the manufacture of gas and coke, and also certain oily, tarry, resinous, gaseous, and deleterious substances and materials so used in said manufacture, which said substances and materials were absorbed by and entered into the earth, and. permeated, passed and flowed along and through the earth and into said well of water of said plaintiff, and mingling with the water with which said well was supplied, spoiled the water of said well."

The plaintiff also complained, in his declaration, of certain smells, smokes, etc., caused by the manufacture of gas, etc.

The defendant pleaded the general issue, and a special plea denying that defendant suffered to flow from its gas works and to be deposited on and around the same, certain noxious, tarry, resinous, gaseous substances, and that said substances permeated through the ground into plaintiff's well.

The court instructed the jury, on behalf of the plaintiff, as follows:

1.  If the jury believe, from the evidence, that the defend-

ant erected, or caused to be erected, near the dwelling-house of the plaintiff, situated on lot 3, block 84, in State's addition to the city of Ottawa, works for the manufacture of gas and coke, and that in carrying on such business by defendant, the air was rendered impure, noxious or disagreeable to plaintiff; and that the plaintiff had on said lot a well of water, and that the defendant placed, or caused to be placed, in and around said works, substances used in or produced by the manufacture of gas and coke, which, when mingled with the water in plaintiff's well, rendered it nauseous to the taste or otherwise unfit for use; and if said substances, so used or produced, did soak into the ground, and permeate and pass along and through the earth, and mingle with the water of said well, and did render it nauseous to the taste or otherwise unfit for use, the jury should render a verdict for the plaintiff, for such damages as in their best judgment he has sustained thereby, prior to the commencement of this suit.

The first instruction of plaintiff is qualified by adding thereto the following: "But such judgment of the jury must be based upon such facts in proof as tend to show the pecuniary extent of the injury sustained by the plaintiff, (if they believe from the evidence that he has sustained any injury); and to enable the jury to arrive at such an estimate, it is not necessary that any witness should have expressed an opinion as to the amount of such pecuniary injury, but the jury may themselves make such an estimate, exercising their own judgment upon the facts in proof by connecting them with their own knowledge and experience."

2. The defendant, upon proof of the facts mentioned in the foregoing instruction, is liable, though it is not guilty of any negligence in the manner of conducting the business. It is a kind of business that the law does not allow to be carried on in the neighborhood of dwelling-houses, in a city, to the injury of many citizens dwelling therein.

The defendant then requested the court to instruct the jury as follows:

1. The plaintiff cannot recover damages for injury to his well in this action, unless it is clearly proved that the defendant

did wrongfully and negligently deposit upon the lot or premises of said defendant, certain deleterious, tarry, resinous or gaseous substances, and that the said deleterious, tarry, resinous or gaseous substances permeated, flowed or passed through the earth into plaintiff's well.

2.   To entitle the plaintiff to recover in this action for injury to his well, it must be clearly proved to the jury, by the evidence in the case, not only that the defendant *did* wrongfully and negligently deposit on the lot or premises of said defendant certain deleterious, tarry, resinous or gaseous substances; but also, that said deleterious, tarry, resinous or gaseous substances, by reason of being so wrongfully and negligently deposited on defendant's premises, did permeate, flow or pass through the earth, and mix with the water in plaintiff's well, and that plaintiff's well was injured thereby.

3.   In determining the amount of plaintiff's damages, for injury to his well, the measure of his damages will be the expense and labor which plaintiff has incurred in and about procuring water for himself and family, from the time the plaintiff's well first became injured by the defendant, (if the jury shall find that said well was so injured,) until the 26th day of December, A. D. 1860; and unless the defendant shall have proved the actual amount so expended, or such facts as will enable the jury to determine the amount so expended without going outside of the evidence adduced on the trial of this cause, the plaintiff will be entitled to nominal damages only.

4.   If the jury should find the issues for the plaintiff, in this action, then, unless the plaintiff has proved the amount of damages he has actually sustained, he will be entitled to nominal damages only ; and in such case, the jury will assess the plaintiff's damages at one cent.

5.   If the jury shall find the issues for the plaintiff, then the plaintiff must prove the actual amount of damages he has sustained, or such facts as will enable the jury to estimate the amount of his damages without going outside of the evidence adduced on the trial of this cause; otherwise the plaintiff will be entitled to nominal damages.

6. If the jury believe, from the evidence, that the gas company, in erecting and keeping in operation their gas works, and the manufacturing and keeping of gas, took all reasonable and proper precaution to prevent the water on the plaintiff's premises from becoming contaminated and unfit for the plaintiff's use, the gas company are not liable in this action.

7. If the jury believe, from the evidence, that the plaintiff's well was injured and the water thereof rendered unfit for use by reason of deposits of manure and urine, and other deleterious substances from barns, stables and privies standing in the neighborhood of plaintiff's lot, and not from the gas works of the defendant, then the plaintiff is not entitled to recover damages in this action, for injury to his well.

8. The plaintiff is not entitled to recover damages in this action for an injury to his well, or annoyances to himself and family, from defendant's gas factory, which may have happened after the 26th day of December, 1860.

9. The question as to whether the pecuniary value of plaintiff's house and lot has been lessened or not by reason of defendant erecting a gas factory on a lot near to plaintiff's lot and manufacturing gas therein, is not before the jury in this action.

The court gave to the jury the seventh, eighth and ninth instructions above asked for on behalf of defendant, but the court modified the first and second instructions asked for on behalf of the defendant, by striking out the words " and negligently," where they occur in each of said first and second instructions as above written.

The court also refused to give to the jury the third, fourth and sixth instructions above asked for on behalf of defendant, or either of said instructions; and the court also modified the fifth instruction to the jury asked for as above on behalf of defendant, so as to cause said fifth instruction to read as follows:

5. If the jury shall find the issues for the plaintiff, then the plaintiff must prove the amount of damages he has sustained, or such facts as will enable the jury to estimate the

amount of his damages without going outside of the evidence adduced on the trial of this cause; but to enable the jury to arrive at such estimate, it is not necessary that any witness should have expressed an opinion as to the pecuniary amount of such damages, but the jury may themselves make such estimate from the facts proved, exercising their judgment upon the facts in proof by connecting them with their own knowledge and experience.

To which action of the court, in modifying and qualifying the first, second and fifth instructions, above asked for by the defendant to the jury, and in refusing to give to the jury the third, fourth and sixth instructions above asked for by the defendant, the defendant excepted.

The jury found the issue in favor of the plaintiff, and assessed his damages at $300.

The defendant entered a motion for a new trial; the court overruled said motion, and the defendant excepted.

RICE & LEWIS, and E. VAN BUREN, for Appellant.

LELAND & BLANCHARD, and GRAY, AVERY & BUSHNELL, for Appellee.

WALKER, J.    On the trial below, appellant offered to prove how much it would cost to obtain a supply of good water, by purchasing a right from the water company; or by the construction of a cistern.    The court refused to permit the introduction of this evidence, and that decision is assigned as one of the errors on this record.    If the erection of the gas works produced injury to appellee's well, and polluted the water, he has the undoubted right to recover a sum sufficient to cover any loss he has thereby sustained.    The company has the right to so use their franchise as to produce no injury to the rights of others.    When they obtained their charter, there was an implied duty imposed, that they should not in its exercise deprive, or even incommode others in the exercise of their rights, without becoming liable to respond in damages.    In ascertaining the true measure of such damages, all the circumstances connected with the injury are proper to be considered by the jury.

In this case it may be a fair measure of damages, to ascertain the cost of furnishing a sufficient quantity of water equally pure with that which supplied the plaintiff below from his well before its injury by the gas works. When that cost is ascertained, and the cost of keeping the conductors and other machinery in repair, the allowance of such a sum as would produce an annual interest sufficient to furnish the water from the company and make the repairs, would be a fair measure of damages. But if the supply when thus obtained, was inferior in salubrity, or taste, that should also be taken into account. So if there was danger that it would not be permanent. Property furnished with an inadequate supply, or with an abundance of water of inferior quality, would be of less value than if supplied with an abundance of water of good quality. If a resort to a cistern is the only means of replacing the proper supply of water, then its quality should be taken into consideration, and if inferior in quality, that fact should have its due weight. In this view of the case, we are of the opinion that this evidence was improperly rejected.

Another means of arriving at the damages, would be to ascertain the depreciation of the value of the property by reason of the erection of the gas works. To ascertain how much less the property would sell for in consequence of the erection, than if it had not been made. And in ascertaining that fact, all the circumstances which might show a depreciation in value should be considered. If the property would sell for the same amount, independent of a rise in similar property, then there would be no loss, but if it would not, then the difference would be the damages sustained.

It is also insisted, that the court erred in the qualification annexed to appellee's first instruction. By it the jury were informed, that in making an estimate of the damages, they might exercise their judgment upon the facts in proof, by connecting them with their own knowledge and experience. If this was designed to refer to their general knowledge as intelligent business men, it was correct. Jurors, when the evidence is heard, must test its truth, its weight, and what it all proves, by their knowledge and judgment, derived from expe-

rience, observation and reflection. They are not bound to regard evidence precisely as given, but must consider its truth and weight by their knowledge of men, the business affairs of life, together with the motives which influence men. These are all legitimate and necessary means of arriving at the truth, and if the jury so understood the instruction, it was proper.

If, however, the jury understood it to apply to special circumstances and facts connected with the case, it would be calculated to mislead. In forming their verdict, the jury must be governed by the evidence admitted in the case. If a juror has knowledge of facts not in evidence, they have no right to consider them in making up a verdict. Before they can take these into consideration, the juror should be sworn and testify to the facts, precisely as any other witness. The party against whom it may operate, has the right to cross-examine the witness, and must have an opportunity of meeting it with rebutting evidence. This instruction was liable to be understood by the jury, as authorizing them to act upon facts not in evidence, but within their knowledge. It should have been modified so as to exclude such a right, and so as to limit their action to their general knowledge and experience, and this is the extent to which the case of the *City of Chicago* v. *Major*, 18 Ill. 349, proceeds.

The judgment of the court below is reversed, and the cause remanded.*

*Judgment reversed.*

---

* The Chief Justice did not take any part in this decision.