THE DECATUR GAS LIGHT AND COKE COMPANY

*v.*

GILBERT HOWELL.

FORMER RECOVERY—*when a bar to second suit.* A recovery of damages for the deterioration in the value of the plaintiff's premises by the erection and maintenance of gas works in the vicinity, polluting the water of the plaintiff, is a bar to any further prosecution for the same cause, and it is error to refuse proof of such former recovery in a second action for a continuance of the injury.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CREA & EWING, for the appellant.

Mr. J. S. POST, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action on the case, by appellee against appellant.

The declaration contains two counts. In the first it is alleged that the plaintiff was, before the committing of the grievances complained of, and still is, lawfully possessed of certain dwelling premises of great value, and was in the enjoyment of pure water flowing from a fountain above said premises, through veins and apertures underneath and near the surface of the earth, unto and into said premises, in sufficient quantity for plaintiff's family and cattle, and for manufacturing and steam power; that the defendant was, during all that time, possessed of certain premises used as gas works, situated over and near said veins of water, and higher up the stream than the premises of the plaintiff; that the defendant knowingly continued to injure the plaintiff in the enjoyment of his premises, to-wit, on the 28th day of April, A. D. 1876, and on divers other days from that time to the commencement of

the suit, by depositing upon the ground and into excavations in the earth made by the defendant's servants, near the veins through which the water so flowed, as aforesaid, higher up on the stream than the premises of the plaintiff, divers noxious substances, which penetrated the earth surrounding said veins, and spoiled the water flowing therein, and thereby rendered the water unfit for use and offensive to taste and smell, and depreciated the value of said premises, etc.

The second count is for a like injury to the water of a stream or water course flowing through said premises, by similar noxious articles being cast in said stream and into pits and excavations made by the servants of the defendant into the earth, by said stream or water course; and also for the pollution of the water flowing through veins and apertures in the earth, as in the first count, with like depreciation of value of the premises.

There was a plea of the general issue, and an agreement that all matters which would be competent testimony under special pleas properly pleaded, might be given in evidence under that plea.

On the trial, the jury returned a verdict for the plaintiff, assessing his damages at $23.87. Motion for a new trial was made by the defendant and overruled by the court, and judgment was rendered on the verdict of the jury.

We shall examine but a single question arising on the record.

Appellant offered to prove a former recovery for depreciation to the value of the property of appellee, caused by the erection and maintenance of appellant's gas works, as they now are,—their continuance being the sole basis on which the recovery in the present case can be predicated. There is no question but that the offered proof sufficiently identified the parties, and the subject matter of litigation. The court rejected the evidence, and the question is, was this ruling right.

*Ottawa Gas Light and Coke Co.* v. *Graham*, 28 Ill. 73, is authority for the position that it was competent to recover, in

the first suit, for the difference in value of the property, owing to the erection of gas or other offensive structures in its vicinity. And in *Illinois Central Railroad Co.* v. *Grabill*, 50 Ill. 241, it was held, if the damages recovered were for deterioration in the value of plaintiff's property, such recovery would be a bar to any further prosecution for the same cause. *Chicago and Pacific Railroad Co.* v. *Stein,* 75 Ill. 42.

We think the court erred in rejecting the evidence offered, and for that error the judgment will be reversed and the cause remanded.

*Judgment reversed.*