Wenona Zinc Co. v. Dunham.

---

## Wenona Zinc Company v. Elizabeth F. Dunham.

1. DAMAGES—*From Noxious Gases—Measure of.*—In an action for damages to a dwelling by reason of the location of zinc works, it is proper for witnesses to state the value of the premises, both before and after such location, and then to connect the depreciation with the location and operation of the works.

2. SAME—*Suits for Entire and Accruing Damages.*—Where premises are damaged by noxious gases emitted from zinc works, and an action is brought by the owner, in which entire damages are recovered for the permanent injury, and both parties try the suit upon the assumption that such damages may be so recovered, the defendant can not afterward object and insist upon the claim that successive suits must be brought for accruing damages.

Memorandum.—Action for damages to premises from noxious gases. In the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

APPELLANT'S BRIEF, WINSLOW EVANS AND STEVENS & HORTON, ATTORNEYS.

It is not every trifling impregnation of the atmosphere that creates a nuisance. There are many uses of property,

for the ordinary purposes of life, that produce more or less of discomfort, and where these are necessary incidents of the ordinary use of property, and are only occasional, and produce no real or substantial damage, they must be borne with, as results that can not reasonably be avoided. The damage must be real, not fanciful, not a mere annoyance to a person of fastidious tastes and habits, but such sensible and real damage as a sensible person, if subjected to it, would find injurious to him. Wood on Nuisances, Sec. 532.

Before a trade or business can be declared to be a nuisance *per se*, it must be made to appear that it necessarily works injury, discomfort or annoyance to the property or persons of citizens generally who may be so circumstanced as to come within its influence. It is not enough that only one person, and that one the complainant, alleges discomfort. Westcott v. Middleton, 27 Am. L. Reg. 440.

The question of nuisance or no nuisance depends upon the effect of noise upon people generally, and not upon those, on the one hand, who are peculiarly susceptible to it, or those, on the other, who, by long experience, have learned to endure it without inconvenience. Rogers v. Elliott, 146 Mass. 349.

The injury must be something more than a fanciful inconvenience. The question of mere delicacy or fastidious tastes arising from delicate and dainty habits of life would not be a clear and plain inconvenience with ordinary comforts and enjoyments. Walters v. Selfe, 4 Eng. L. & Eq. 22; Cooper v. Randall et al., 53 Ill. 24; 59 Ill. 317; St. Helen's Smelting Co. v. Tipping, 11 H. L. Cas. 642.

If a private structure or other works on land is a cause of a nuisance to the plaintiff, the law can not regard it as permanent, no matter with what intention it was built, and the damages, therefore, can be recovered only to the date of action. 1 Sedgwick on Damages, Sec. 93.

In such cases it is improper to permit evidence to be introduced on the question of the depreciation in value of the plaintiff's property. The right of recovery is confined solely to the injury of the property and the use of it up to the time of the beginning of the suit. If the operation of the

Wenona Zinc Co. v. Dunham.

works is a nuisance, the law will not presume the continuance of a wrong, nor allow a license to continue such wrong, and therefore can not allow any damage for the depreciation in the value of the property. Schlitz Brewing Co. v. Compton, 142 Ill. 511; Cooper v. Randall, 59 Ill. 317.

APPELLEE'S BRIEF, CLARENCE GRIGGS AND MAYO & WIDMER, ATTORNEYS.

Appellee contended that the theory upon which the case was tried, whether erroneous or not, is not unsupported by authorities.

In Ottawa Gas Light & Coke Co. v. Graham, 28 Ill. 73, which was an action on the case to recover for injuries to Graham's property, occasioned by the gas works, the court, in passing upon what might be recovered in such a case, said: " Another means in arriving at the damages would be to ascertain the depreciation of the value of the property by reason of the erection of the gas works, to ascertain how much less the property would sell for in consequence of the erection than if it had not been made. And in ascertaining that fact, all the circumstances which might show a depreciation in value should be considered. If the property would sell for the same amount, independent of a rise in similar property, then there would be no loss; but if it would not, then the difference would be the damages sustained." See also, I. C. R. Co. v. Grabill, 50 Ill. 241.

In Chi. & Pac. R. R. Co. v. Stein, 75 Ill. 41, where the action was to recover damages caused by a bridge built by the R. R. Co. near the plaintiff's dock, the court said: " We see no reason why it would not have been proper for appellees to have proved the value of their property before the erection of the bridge, and the value after the building of the bridge. In other words, it would have been proper to have shown how much less the property would sell for in consequence of the erection of the bridge than if it had not been built." See, also, C. & A. R. R. Co. v. Maher, 91 Ill. 242.

In Decatur Gas Light Co. v. Howell, 92 Ill. 19, the court

said, the Graham case "is authority for the position that it was competent to recover (in a former suit between the parties) for the difference in value of the property, owing to the erection of gas or other offensive structures in its vicinity," and held that such recovery was a complete bar to the second suit, in which the only basis of recovery was a continuance of the nuisance.

It has frequently been held that in an action brought for deterioration in the value of real estate from a nuisance of a permanent character, all damages for past and future injury to the property may be recovered, and that one recovery in such action will be a bar to all future actions for the same cause. C. & E. I. R. R. Co. v. Loeb, 118 Ill. p. 210; Cooper v. Randall, 59 Ill. 321; C., B. & Q. R. R. Co. v. Schaffer, 124 Ill. 112; E. I. R. R. Co. v. Loeb, 118 Ill. 208.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit against appellant to recover damages resulting to herself and her property from the location and operation of zinc works near her home, and she recovered $750.

Appellant complains that on the trial the injury to plaintiff's property was treated as permanent, and she was allowed to prove the depreciation in the value of the property; that the court excluded proper evidence offered by defendant, and that the verdict is against the weight of the evidence.

In two counts of the declaration, damages of the kind now objected to, were charged. The damages proved, resulted from gases generated in the reduction of zinc ore which contains about forty per cent of sulphur. The evidence for defendant was, that it was necessary to burn out the sulphur, and create the gases which went up the chimney and passed off into the atmosphere. The injury was a natural and necessary attendant of the works, and so far as appears could not be avoided by any change in the operation of them. In Ottawa Gas Light and Coke Co. v. Graham, 28 Ill. 73, and Decatur Gas Light & Coke Co. v. Howell, 92

Ill. 19, it was held proper to recover, in one suit, for perma-
nent damages by the depreciation in value of property on
account of the location of gas works in the vicinity, and the
damages suffered from such cause were similar to and not
more permanent in character than in this case. But what-
ever the correct rule may be, appellant can not now object
that all the damages were recovered in this action, and in-
sist upon the claim that successive suits must be brought for
accruing damage, because both parties tried the case upon
the assumption that all the damages might be so recovered.
Both offered evidence of the value of the property before
the location of the works and at the commencement of the
suit, and of the depreciation in value, and both asked instruc-
tions on that subject. No objection to evidence was made
on that ground, and the parties having treated the injury as
permanent and all damages as recoverable in this action,
appellant can not now be permitted to change its ground,
because dissatisfied with the result of trying the case on
that basis. It is sought to bring under this head two objec-
tions made to questions, but the objections were plainly
made for other reasons, and will not suffice to raise the point
as to the entire damages being recovered.

One of these questions is said to be open to another objec-
tion—as calling for a conclusion. The witness had given
an opinion as to the value of the premises before the location
of the works and at the commencement of the suit, showing
great depreciation, and was then asked what caused the
depreciation. It was manifestly necessary and proper to
connect the depreciation with the location and operation of
the zinc works and the poisonous gases as the cause, and the
method adopted was proper, and was approved in K. & S.
R. R. Co. v. Horan, 131 Ill. 288.

Dr. W. H. Frazer was examined as a witness for defend-
ant, and testified that he had practiced about zinc works in
La Salle and Peru, but the court refused to allow him to
answer a question whether the smoke and fumes from those
works had any effect on the health of his patients. It is
insisted that the court was wrong, but it is immaterial

whether that is so or not, since the witness testified that he never knew a case of ill-health that was attributed to the fumes or smoke from zinc works, and nothing more could have been gained by an answer to the question. There was no ground for alleging error on that account. Bull v. Griswold, 19 Ill. 631.

Plaintiff owned about five acres, occupied as a home at the time of the erection of the zinc works, well set in fruit trees of various kinds and small fruit. In reducing the zinc ore large quantities of sulphurous acid gas and carbonic acid gas were generated and passed out of the chimney, and being heavier than the atmosphere, in ordinary conditions, sank upon the adjacent premises including the property of plaintiff. The evidence was that carbonic acid gas was a deadly poison, and that sulphurous acid gas was a highly irritant poison of foul and pungent odor destructive alike to all forms of animal and vegetable life, and the only question raised by the evidence was whether the proportion of these gases in the atmosphere would be great enough to make them effective. The evidence amply justified the jury in concluding that they were effective in this case in killing the trees, small fruits and vegetation of all kinds, making the cistern water unfit for use, and seriously affecting the health and comfort of plaintiff. Before the location of the works she was a healthy woman, doing all the work for a family of seven, and injurious consequences manifested themselves when the works were put in operation, and continued while they were operated. When the wind changed so as to blow the gases away from her premises her condition improved, and she became worse again upon their return. The evidence sufficiently connected her ill-health with the gases as the cause. We think the verdict is in accordance with the evidence and the judgment will be affirmed.