Norway Tree Farm, Incorporated, Plaintiff-Appellee, *v.* Russell Baugher, Defendant-Appellant.

(No. 72-225; ▮▮▮▮▮▮▮▮

Third District—December 28, 1972.

Edward X. Rashid, of Streator, for appellant.

Alan Marsh, of Ottawa, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The original plaintiff in this action, Wayne Borchsenius, brought this action in the Circuit Court of La Salle County against Russell Baugher seeking a permanent injunction and the assessment of damages in a boundary line dispute. According to the claim of plaintiff the defendant had gone onto property belonging to plaintiff and removed trees of a value of $2,940. Defendant was defaulted and after hearing the trial court determined the boundaries, entered a permanent injunction against defendant and awarded damages of $2,940 to the then substituted plaintiff, Norway Tree Farm, Inc., appellee in this cause. Defendant has appealed from the award of damages in favor of the substituted plaintiff.

After this action was filed Norway Tree Farm, Inc. moved for leave to be substituted as party plaintiff, due notice of such motion being given to defendant. According to the motion and supporting documents Borchsenius had conveyed his property to Norway Tree Farm and had also specifically assigned to Norway his cause of action against the defendant. No objection to the substitution of Norway Tree Farm as party plaintiff was made by defendant and it also appears that the judgment for damages was assessed after hearing but by default.

On this appeal defendant argues the cause of action for damages arose

out of a permanent injunction to real estate, that the claim therefore was unassignable and consequently judgment was improperly entered in favor of the plaintiff as assignee.

We conclude from the foregoing facts that the trial court had jurisdiction of the parties and of the subject matter. Defendant's objection to the action of the trial court is that the judgment was erroneous. The general rule repeatedly adhered to by Illinois courts, is that issues, questions, points or contentions not presented in the trial court and properly preserved for review will not be considered on appeal. (*Bowman v. Pettersen*, 410 Ill. 519, 102 N.E.2d 787; *Godfrey v. Brown*, 81 Ill. App.2d 453, 225 N.E.2d 98, and *Wenona Zinc Co. v. Dunham*, 56 Ill. App. 351.) We believe this rule is applicable to this case. After due notice defendant made no objection to the substitution of the present appellee as plaintiff and made no objection to the theory and evidence of damages and it is our conclusion that such objections came too late and may not be considered by this court.

For the foregoing reasons the judgment of the Circuit Court of La Salle County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.