DEPORTER-BUTTERWORTH TOURS, INC., Plaintiff-Appellant, v. GERALD TYRRELL *et al.*, Defendants-Appellees (The Quad City Blackhawks *et al.*, Defendants).—PRECISION PRESS, INC., Plaintiff-Appellant, v. PAUL F. TAYLOR *et al.*, Defendants-Appellees (American Professional Football Tour of Europe *et al.*, Defendants).—THE ATHLETIC SHOP, INC., Plaintiff-Appellant, v. GERALD TYRRELL *et al.*, Defendants-Appellees (The Quad City Blackhawks *et al.*, Defendants).—DEPORTER-BUTTERWORTH TOURS, INC., Plaintiff-Appellant, v. PAUL F. TAYLOR *et al.*, Defendants-Appellees (American Professional Football Tour of Europe *et al.*, Defendants).—THE ATHLETIC SHOP, INC., Plaintiff-Appellant, v. PAUL F. TAYLOR *et al.*, Defendants-Appellees (American Professional Football Tour of Europe *et al.*, Defendants).

Third District    Nos. 3—86—0026 through 3—86—0030 cons.

Opinion filed January 8, 1987.—Rehearing denied February 10, 1987.

950

Robert J. Block, Samuel S. McHard, and Donovan S. Robertson, all of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island (Lori R. Lefstein, of counsel), for appellants.

Coryn, Walker & Meehan, of Rock Island (Roger L. Strandlund, William M. Walker, and Eric Schwarz, of counsel), for appellee Al Pellegrini.

Bernard C. Gillman, of Rock Island, for appellee Gerald Tyrrell.

Robert Eagle, of Rock Island, for appellee Glen Gawel.

Eric Schwarz, of Lousberg, McClean, Snyder & Schwarz, of Rock Island, for appellee Jim Hancock.

Richard J. Trinrud, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee Bob McGriff.

Califf, Harper, Fox, Dailey & Slover, of Moline, and Roger L. Strandlund, of Lousberg, McClean, Snyder & Schwarz, of Rock Island, for other appellees.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Plaintiffs, Deporter-Butterworth Tours, Inc., Precision Press, Inc., and The Athletic Shop, Inc., appeal from orders entered by the circuit court of Rock Island County dismissing their complaints and denying their motions to reconsider. The plaintiffs' causes of action were consolidated by the trial court in its hearing on the defendants' motion to dismiss due to a common nucleus of facts and law running throughout these actions.

The plaintiffs' causes of action arose from alleged breaches of various contracts for goods and services entered into between June and August 1979 with two business entities, both allegedly partnerships, known as American Professional Football Tour of Europe and The Quad City Blackhawks. The plaintiffs filed their original complaints against the two entities on August 15, 1980. In the actions brought by

plaintiffs against American Professional Football Tour of Europe, Marty Shaw and Jim Foster were named defendants individually and as partners, along with "Unknown Owners," individually and as partners, and Bob Wolfe was named individually as a party defendant. In the actions brought by Deporter-Butterworth Tours, Inc., and The Athletic Shop, Inc., against The Quad City Blackhawks, Jim Foster was named defendant individually and as a partner, along with "Unknown Others," individually and as partners, and Gerald Tyrrell and Al Pellegrini were later named defendants individually and as partners.

The "Unknown Others and Owners" named as defendants in plaintiffs' complaints were given notice by publication, and a default judgment was entered against them on November 10, 1980. Prior to satisfaction of judgment in favor of the plaintiffs, in regard to their actions against American Professional Football Tour of Europe, Foster and Wolfe, on June 26, 1984, Paul F. Taylor, Glen Gawel, Kent S. Gallagher, F. C. Bullock, Bob McGriff, Jim Hancock, and Al Pellegrini were named individually in plaintiffs' motion for leave to add as parties previously unknown owners. On August 7, 1984, each named individual filed a motion to dismiss and motion for judgment on the pleadings contending that (1) plaintiffs failed to exercise "due diligence" to uncover their identities as business owners, (2) they were added as named owners after the expiration of the statute of limitations, and (3) they were limited partners of the business entities and therefore liable to plaintiffs only to the extent of their capital contribution. The various motions and causes of action were consolidated and heard in one hearing, whereafter the trial court dismissed plaintiffs' complaints and granted judgment on the pleadings as to all defendants on December 26, 1984. Plaintiffs thereafter filed respective motions to reconsider on January 25, 1985. On December 10, 1985, the trial court entered its order denying their respective motions.

The Quad City Blackhawks and American Professional Football Tour of Europe were operating under assumed names in Rock Island County, Illinois, and neither business entity had filed a certificate disclosing the identities of the owners as provided in section 1 of "An Act in relation to the use of an assumed name in the conduct or transaction of business in this State" (the Assumed Business Name Act) (Ill. Rev. Stat. 1985, ch. 96, par. 4). Both business entities were ostensibly organized as limited partnerships, and the record reveals American Professional Football Tour of Europe was formed as a limited partnership in Iowa on June 22, 1979, with Foster named as the general partner. The individuals named in plaintiffs' motions to add as

unknown owners in their actions against American Professional Football Tour of Europe were limited partners of American Professional Football Tour of Europe.

In their appeal requesting this court to reverse the orders entered by the trial court, plaintiffs raise three issues. First, whether the status of the defendants who were limited partners insulates them from any liability on the contracts entered into between the plaintiffs and the partnerships. Second, whether plaintiffs' actions filed within the statute of limitations pursuant to section 6 of the Assumed Business Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 8a) are subsequently barred if the identities of "unknown owners" become known after the statute's running. Third, whether and to what extent due diligence is required of the plaintiffs in ascertaining the identity of "unknown owners" in actions brought against defendants who fail to register under an assumed business name as provided for in section 1 of the Assumed Business Name Act (Ill. Rev. Stat. 1985, ch. 96, par. 4).

Before proceeding to a consideration of these issues, we direct our review to cause No. 3—86—0026 and cause No. 3—86—0028 and the issue of jurisdiction over Hancock in the remaining three causes.

■ In the actions brought by Deporter-Butterworth Tours, Inc., and The Athletic Shop, Inc., against The Quad City Blackhawks, defendants Tyrrell and Pellegrini were named as original parties, not as "unknown owners." Further, both Tyrrell and Pellegrini were dismissed as parties defendant by the orders of the trial court entered on December 26, 1984. The record does not reveal whether either party was alleged to be a limited partner of The Quad City Blackhawks and thus the issue raised as to a limited partner's liability is inapplicable. Additionally, as they were named as original parties, the issues concerning due diligence in regard to ascertaining unknown owners is also inapplicable. In plaintiffs' motion to reconsider, the sole questions raised were in regard to the issues of "unknown owners" and "limited partners" and the liability of the defendants as such. The instant appeal arises from the order denying their motion to reconsider. The issues on appeal therefore, as defined by plaintiffs' motion, are limited to defendants' status as unknown owners and partners. No other error in granting Tyrrell and Pellegrini's motion to dismiss was raised within 30 days of the entry of the trial court's order of dismissal as required by Supreme Court Rule 303(a)(1) (Ill. Rev. Stat. 1985, ch. 110A, par. 303(a)(1)) or in the instant appeal. In keeping with this court's previous holding that "issues, questions, points or contentions not presented in the trial court and properly preserved for review will not be considered on appeal" (*Norway Tree Farm,*

*Inc. v. Baugher* (1972), 8 Ill. App. 3d 1061, 1062, 291 N.E.2d 237), we dismiss the appeal against defendants Tyrrell and Pellegrini in cause No. 3—86—0026 and cause No. 3—86—0028.

▮ Defendant Hancock filed a special and limited appearance in the trial court wherein he raised the issue that, since he was a resident of Iowa, his business was conducted solely in Iowa, and he had never conducted business in Illinois, therefore he was not amenable to process by the courts of this State. Hancock further asserted that none of the grounds that might constitute acts submitting to jurisdiction of the courts of Illinois were present. (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.) This issue was not addressed by the plaintiffs in their motion to reconsider or raised in the instant appeal. Therefore, as we find nothing in the record to refute Hancock's contentions presented in his special and limited appearance, we find the trial court did not have jurisdiction over him and hold that the instant appeal, in regard to Hancock, be dismissed.

We next address the issue raised by the plaintiffs as to whether they were required to exercise due diligence in ascertaining the identity of the "unknown owners" of the partnership operating under the name of the American Professional Football Tour of Europe. The determination of this issue involves this court's examination of three statutory sections and the manner in which they intertwine when used in this context. The sections involved are section 6 of the Assumed Business Name Act (Ill. Rev. Stat. 1983, ch. 96, par. 8a) and sections 2—205(c) and 2—206 of the Civil Practice Act (Ill. Rev. Stat. 1983, ch. 110, pars. 2—205(c), 2—206). The relevant parts of those statutes are as follows:

Section 6, Assumed Business Name Act:

"If a person or persons required to register hereunder do not do so and such persons, or any of them, are unknown, civil actions may be brought against such person or persons, by filing suit against the business under its assumed name, naming all known owners, and designating as "unknown owner or owners" the other person or persons transacting business under such assumed name." Ill. Rev. Stat. 1983, ch. 96, par. 8a.

Section 2—205(c), Civil Practice Act:

"When a personal judgment is sought against an unknown owner in an action authorized under Section 6 of [the Assumed Business Name Act] *** service may be made by leaving a copy of the summons with any agent of the business and publishing notice in the manner provided by Section 2—206 of this Act." Ill. Rev. Stat. 1983, ch. 110, par. 2—205(c).

Section 2—206, Civil Practice Act:

"Whenever, in any action affecting property or status within the jurisdiction of the court, ***, plaintiff or his or her attorney shall file, at the office of the clerk of the court in which the action is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending." Ill. Rev. Stat. 1983, ch. 110, par. 2—206.

The determination of this issue is not extremely complicated, nor does it involve the use of any rules of statutory construction applied in such a way to achieve the desired result. Rather, all three sections are reconcilable and produce a just and, what we believe to be, the intended result of the legislature.

Section 6 of the Assumed Business Name Act requires only that suit be filed in the assumed name of the business, naming all known owners and designating all others as "unknown owners." Section 2—205(c) of the Civil Practice Act for service on partnerships in violation of the Assumed Business Name Act requires that service be made at the place of business and by publication in compliance with section 2—206 of the Civil Practice Act. The problem, as defendants see it, arises when published service is attempted under section 2—206. Defendants claim, and the edited portion of the statute which they presented to this court in their brief would suggest, that due inquiry or diligent inquiry was required on behalf of the plaintiffs in ascertaining the names of the "unknown owners." However, an examination of the full text of section 2—206 yields a different result.

■ The statute states, in pertinent part, that the filed affidavit must show "that the defendant resides or has gone out of this State, *or* on due inquiry cannot be found, *or* is concealed within this State." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 110, par. 2—206.) The statute, by its very language, is framed in the disjunctive and not the conjunctive. The plaintiff need only show one of the three, not all of them, and the third one, "is concealed within this State," is demonstrated by the fact that defendants are in violation of the Assumed Business Name Act by not registering with the county clerk in the county where they conducted business. The diligent-inquiry requirement applies only in that case that the plaintiff is unable to determine

the residence of the defendant. In that regard, the statute states that the plaintiff must state "the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence can not be ascertained." In this case, plaintiff had no need to demonstrate diligent inquiry in ascertaining the place of residence of the defendant since they were (1) filing suit against a business in violation of the Assumed Business Name Act, (2) the residence of a partnership for service of process purposes is its place of business, and (3) valid service was apparently achieved as to the partnership entity and its known owners/agents.

There was no evidence presented to indicate that plaintiffs did not comply with the established rules for filing suit or serving process on the named defendants. Furthermore, neither defendants' citation of a case which precedes the enactment of the Assumed Business Name Act nor their creative editing of the statute within their brief demands a different result. Therefore, we hold that there is no requirement of due inquiry or diligent inquiry in determining the names of "unknown owners" in filing suit under section 6 of the Assumed Business Name Act.

The next issue raised by the parties is whether the statute of limitations bars the addition of the "unknown owners" once their identity is discovered. This is also governed by the Assumed Business Name Act. The statute of limitations governs only the time in which an action may be commenced. The record shows that the contracts under dispute were entered into sometime in the summer of 1979. The suits were filed in August of 1980, well within the statutory period. The defendants contend, however, that the statute also governs the addition of them as parties-defendant. This argument is without merit. Section 6 of the Assumed Business Name Act states only that "(a)t any time prior to satisfaction of judgment, if any, if the identity of a previously unknown owner is discovered, such person shall be named as a party defendant by motion to the court." (Ill. Rev. Stat. 1983, ch. 96, par. 8a.) The statute requires only that the names be added prior to satisfaction of the judgment. The evidence is uncontradicted that the plaintiffs complied with that directive in this case.

The final issue is whether the status of certain defendants as limited partners limits their liability to the extent of their capital contribution in the event that the partnership is liable under the contracts as alleged. The rules governing the status and liability of limited partners in Illinois is governed by the adoption of the Uniform Limited Partnership Act (Ill. Rev. Stat. 1983, ch. 106½, par. 44 *et seq.*). The same is also true of the Iowa partnership organized in this

case. (See Iowa Code Ann. secs. 545.1 through 545.58 (West 1950).) The rule, as established by the Act, is that the certificate required by the Uniform Limited Partnership Act is a statutory prerequisite to the creation of a limited partnership. Until it is filed, the partnership is not formed as a limited partnership and all partners will be treated as general partners. (*Allen v. Amber Manor Apartments Partnership* (1981), 95 Ill. App. 3d 541, 420 N.E.2d 440.) Therefore, any contracts entered into prior to June 22, 1979, the date on which the limited partnership certificate was filed and made of record, would be contracts entered into by a general partnership and all partners involved would be liable as general partners.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is reversed and this case is remanded for trial on its merits.

Reversed and remanded.

HEIPLE and STOUDER, JJ., concur.