**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210459-U

Order filed October 5, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| HARISH BHATT, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0459 |
| | ) | Circuit No. 18-AR-264 |
| SANDEEP KUMAR, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Susan T. O'Leary, |
| | ) | Judge, presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Presiding Justice O'Brien and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  In an appeal in a breach of contract and fraud case, the appellate court held that: (1) the trial court's finding—that plaintiff had failed to prove his breach of contract claim—was not against the manifest weight of the evidence; and (2) plaintiff forfeited any argument on appeal about the trial court's ruling in defendant's favor on plaintiff's fraud claim because plaintiff failed to, among other things, make that argument in his initial brief on appeal.  The appellate court, therefore, affirmed the trial court's judgment.

¶ 2    Plaintiff, Harish Bhatt, filed a civil action against defendant, Sandeep Kumar, for breach of contract and fraud, relating to plaintiff's purchase of a truck for defendant.  After a bench trial,

the trial court ruled in defendant's favor on plaintiff's breach of contract and fraud claims. Plaintiff appeals. We affirm the trial court's judgment.

¶ 3                                                    I. BACKGROUND

¶ 4        Plaintiff was a registered pharmacist and a principal in Basinger Pharmacy in Joliet, Illinois. He had been in the pharmacy business for almost 40 years. Defendant was a truck driver and lived with his wife, Gurvinder Kaur, and their two children in Plainfield, Illinois. In about 2014 or 2015, Gurvinder started working for Basinger's as a pharmacy technician. Plaintiff and Gurvinder became friends, and their relationship eventually grew into a romantic one.

¶ 5        While Gurvinder worked for Basinger's, she got numerous raises. In about January 2016, Gurvinder told defendant that she was going to buy a bigger house for her and her family to live in and that plaintiff was going to help her pay the down payment for the house. Gurvinder purchased a home in Shorewood, Illinois (the Shorewood home), and she, her mother, and Gurvinder and defendant's two children moved into that home. About five days later, defendant moved into the home as well.

¶ 6        In June 2017, Gurvinder gave birth to a son. After the child was born, plaintiff moved into the Shorewood home with Gurvinder, defendant, and Gurvinder's family. At some point around that time period, defendant's truck accidentally caught fire and was destroyed. Defendant filed an insurance claim for the truck but was not going to receive the settlement check for some time.

¶ 7        In about August 2017, a conversation took place at the Shorewood home between plaintiff and defendant and possibly other members of the household as well. During that conversation, plaintiff agreed to, or stated that he would, purchase a new truck for defendant.

2

There is a dispute in this case as to what, if anything, defendant agreed to do in return. Defendant knew at the time of that conversation that he was not the father of the child that Gurvinder had given birth to in June, even though defendant was listed on the birth certificate as the child's father.

¶ 8     A few days after that conversation, plaintiff, defendant, and Gurvinder went to the Peterbilt truck dealership in Bolingbrook, Illinois, to look for a new truck for defendant. Plaintiff brought with him a certified cashier's check that had been drawn from plaintiff's funds to cover the cost of the truck. The check was made payable to the dealership. When defendant found a truck that he liked, plaintiff gave the check to defendant to give to the salesperson. The truck cost approximately $37,000. Defendant purchased the truck with the cashier's check that plaintiff had given to defendant. The dealership had some things to complete or repair on the truck, so defendant was told that he could pick up the truck in a few days.

¶ 9     After the truck was purchased but before defendant took delivery of the truck, defendant allegedly told plaintiff that he was not going to keep his end of the bargain. Plaintiff contacted the dealership and tried to stop the dealership from turning the truck over to defendant. Plaintiff also had his attorney send a letter to the dealership to try to stop delivery as well. Plaintiff's efforts were unsuccessful, and defendant took possession of the truck. Defendant never reimbursed plaintiff for any of the purchase price.

¶ 10    About five days after the conversation took place or after the truck was purchased, defendant filed a petition in the trial court seeking to have his name removed from the birth certificate of the child that Gurvinder had given birth to in June 2017. The trial court eventually found in that case that defendant was not the child's father.

3

¶ 11      In March 2018, plaintiff filed the instant two-count complaint against defendant in the trial court in relation to the purchase of the truck. In count I of the complaint, plaintiff sought damages for breach of contract. Plaintiff alleged that he had loaned the money for the purchase of the truck to defendant pursuant to an oral contract and that defendant had violated that contract by failing to pay the purchase price back to plaintiff as the parties had agreed. In count II of the complaint, plaintiff sought damages for fraud. In that count, plaintiff alleged that defendant entered into the agreement and took plaintiff's money to purchase the truck, even though defendant had no intention of paying the money back to plaintiff.

¶ 12      Defendant filed an answer and denied the allegations contained in both counts of the complaint. Defendant also asserted as an affirmative defense that plaintiff had purchased the truck for defendant as a gift.

¶ 13      Three years later, in March 2021, plaintiff's case proceeded to a bench trial in the trial court. Plaintiff and defendant were both present in court for the trial and were represented by their respective attorneys. The trial took one day to complete. The only two witnesses to testify at the trial were plaintiff and defendant.

¶ 14      At the trial, many of the underlying facts were not in dispute. Those facts have already been set forth above. The only facts that were in dispute pertained to what happened shortly before, during, and after the purchase of the new truck took place. The evidence presented as to those matters can be summarized as follows.

¶ 15      Plaintiff testified that the discussion about the new truck took place about 7 to 10 days before the truck was purchased and that plaintiff, defendant, Gurvinder, and Gurvinder's mother were present for that discussion. According to plaintiff, during that discussion, plaintiff agreed to loan defendant the money to purchase a new truck and defendant agreed that he would pay

4

plaintiff back by giving plaintiff his insurance settlement check (estimated to be about $20,000) and by paying the remaining balance to plaintiff in $3,000 installments. Plaintiff denied during his testimony that the agreement had anything to do with defendant putting defendant's name on, or keeping defendant's name on, Gurvinder's recently-born child's birth certificate as the father of the child. Plaintiff stated that doing so would be illegal and that he would not do anything illegal. Plaintiff acknowledged that he did not put anything about the agreement in writing and recognized in hindsight that not doing so was a mistake but indicated that he had not done so because there was a good relationship between the family members at the time and because defendant had promised that he would pay plaintiff back.

¶ 16    Plaintiff testified further that at the time of the purchase, he tried to get the dealership to put the truck in his name, but the people at the dealership told him they were unable to do so because plaintiff did not have a commercial driver's license. According to plaintiff, the day after the truck was purchased, defendant told plaintiff that he was not going to pay the money back because he was upset about the relationship between plaintiff and defendant's wife. That was when plaintiff tried to stop the dealership from turning over possession of the truck to defendant.

¶ 17    Plaintiff denied during his testimony that he had ever intended to make a gift of the purchase price or of the truck to defendant. As for the Shorewood home, plaintiff testified that he owned the home but could not remember when he had purchased it. Information from the county recorder's office, however, showed that the home had been deeded to Gurvinder in October 2016.[1]

¶ 18    Defendant testified that during the conversation at issue, only plaintiff and defendant were present and that plaintiff stated or agreed that he would give defendant the money to buy a

---

[1] The trial court took judicial notice of that information from the county recorder's records.

5

new truck. According to defendant, nothing was stated during that conversation about defendant having to pay the money back to plaintiff. When questioned further on the witness stand, however, defendant indicated that plaintiff told defendant that he would buy defendant a truck if defendant would keep defendant's name on the child's birth certificate as the child's father. Defendant agreed to accept the money under that condition, even though defendant knew at that time that he was not the child's father. Five days later, defendant filed a petition in the trial court seeking to have his name removed from the child's birth certificate.

¶ 19 In addition to the testimony presented, the trial court was also presented with a few exhibits at the bench trial. Copies of the certified cashier's check that was used to purchase the truck and the letter that had been sent by plaintiff's attorney to the truck dealership were admitted into evidence without objection.

¶ 20 After all of the evidence had been presented, the parties made their closing arguments. During those arguments, plaintiff's attorney focused solely upon plaintiff's breach of contract claim and did not make any mention of plaintiff's fraud claim. Following the conclusion of the closing arguments, the trial court took the case under advisement.

¶ 21 In August 2021, the trial court issued its written decision in this case ruling in favor of defendant and against plaintiff on both counts of the complaint. The trial court found that plaintiff had failed to establish either breach of contract or fraud. The trial court, therefore, did not make a ruling as to whether defendant had established that the purchase of the truck was a gift from plaintiff to defendant. Plaintiff appealed.

¶ 22 II. ANALYSIS

¶ 23 A. Plaintiff's Breach of Contract Claim

6

¶ 24 As his first point of contention on appeal, plaintiff argues that the trial court erred in ruling in defendant's favor after bench trial on plaintiff's breach of contract claim. In support of his argument, plaintiff asserts that: (1) he established all of the elements of his breach of contract claim, many of which were admitted by defendant, and that the trial court's ruling to the contrary was against the manifest weight of the evidence; (2) defendant failed to prove the elements of a gift regarding the purchase of the truck; and (3) under the doctrine of unclean hands, defendant should not be allowed to escape liability for repaying the purchase price of the truck or to profit from his own deception. For those reasons, plaintiff asks that we reverse the trial court's judgment and that we enter judgment for plaintiff instead.

¶ 25 Defendant argues that the trial court's ruling was proper and should be upheld. Defendant asserts that after weighing all of the evidence and the credibility of the witnesses, the trial court correctly found that plaintiff had failed to prove his breach of contract claim. In making that assertion, defendant points out that the only evidence presented by plaintiff to support the breach of contract claim was plaintiff's own testimony, which was rebutted by the testimony of defendant. As for plaintiff's remaining assertions on this issue, defendant contends that he was not required to prove the existence of a gift to prevail in the trial court and that any claim of unclean hands was forfeited because plaintiff failed to raise that claim during the trial below. Defendant asks, therefore, that we affirm the trial court's judgment, finding in defendant's favor on plaintiff's breach of contract claim.

¶ 26 A trial court's ruling made after a bench trial will not be reversed on appeal unless it is against the manifest weight of the evidence. *Reliable Fire Equipment Co. v. Arredondo*, 2011 IL 111871, ¶ 12; *Meyers v. Woods*, 374 Ill. App. 3d 440, 449 (2007). In addition, and more specific to the facts of this case, whether an oral contract exists, the terms of that contract, and the intent

7

of the contracting parties are questions of fact, and a trial court's rulings on those questions will also not be reversed on appeal unless they are against the manifest weight of the evidence. *Anderson v. Kohler*, 397 Ill. App. 3d 773, 785 (2009). A ruling is against the manifest weight of the evidence only if it is clearly apparent from the record that the trial court should have reached the opposite conclusion or if the ruling itself is unreasonable, arbitrary, or not based upon the evidence presented. *Best v. Best*, 223 Ill. 2d 342, 350 (2006); *Meyers*, 374 Ill. App. 3d at 449. Under the manifest weight standard, deference is given to the trial court as finder of fact because the trial court is in a better position than the reviewing court to observe the conduct and demeanor of the parties and witnesses. *Best*, 223 Ill. 2d at 350. A reviewing court, therefore, will not substitute its judgment for that of the trial court as to the credibility of witnesses, the weight to be given to the evidence, or the inferences to be drawn from the evidence. *Id.* at 350-51.

¶ 27     To prevail on a claim of breach of contract, the plaintiff must plead and prove by a preponderance of the evidence that: (1) a contract existed; (2) the plaintiff performed his obligations under the contract; (3) the defendant breached the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach. *Anderson*, 397 Ill. App. 3d at 785; *Lidecker v. Kendall College*, 194 Ill. App. 3d 309, 317 (1990). In order for a contract to exist, there must be a meeting of the minds between the parties or mutual assent as to the terms of the contract. *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 118 Ill. 2d 306, 313 (1987). To satisfy that requirement, however, it is sufficient if the conduct of the contracting parties indicates an agreement to the terms of the alleged contract. *Id.* at 313-14. If the rule were otherwise, a party could avoid his contractual obligations by simply denying that which his course of conduct indicates. *Id.* at 314.

¶ 28 After reviewing the record in the present case, we find that the trial court's ruling—that plaintiff had failed to prove his breach of contract claim—was well supported by the evidence. As defendant correctly notes, the only evidence that plaintiff presented to establish the existence of the contract was the plaintiff's own testimony. That testimony, however, was contradicted by defendant, who testified that he never agreed to pay plaintiff back for the truck and that there was no discussion of defendant doing so or about any manner in which defendant would do so. In addition, although plaintiff claimed that Gurvinder and her mother were both present when the agreement with defendant was formed, neither of those two witnesses testified at the bench trial, even though it was established that they lived with plaintiff. Furthermore, despite being a sophisticated businessperson, plaintiff did not have the parties' alleged agreement put into writing, did not in any way memorialize the alleged loan or defendant's alleged obligation to pay plaintiff back, and did not secure any interest in the truck itself. Based upon the evidence presented, especially the evidence of plaintiff's own conduct, the trial court's finding of a lack of proof was not against the manifest weight of the evidence. See *Best*, 223 Ill. 2d at 350; *Meyers*, 374 Ill. App. 3d at 449. Thus, as the trial court correctly stated, it was not necessary for the trial court to rule upon defendant's claim that the purchase of the truck was a gift from plaintiff to defendant. We, therefore, affirm the trial court's ruling, which found in defendant's favor on plaintiff's breach of contract claim.

¶ 29 In reaching that conclusion, we reject plaintiff's assertion of unclean hands. Plaintiff forfeited that assertion by failing to raise it in the trial court. See *Norway Tree Farm, Inc. v. Baugher*, 8 Ill. App. 3d 1061, 1062 (1972) (setting forth the general rule that issues, questions, points, or contentions not presented in the trial court and not properly preserved for appellate review will not be considered on appeal). In addition, to give any credence to plaintiff's

assertion in that regard, we would have to conclude that plaintiff agreed to the same illegal contract of which he accused defendant—to keep or put defendant's name on the child's birth certificate as the child's father, even though plaintiff and defendant both knew that defendant was not the father of the child. Thus, we would have to find that plaintiff had unclean hands as well or, at the very least, that any recovery by the plaintiff on such a contract was barred. See Restatement (First) of Contracts § 598 (1932) (stating the general principal that a party to an illegal bargain cannot recover damages for breach thereof).

¶ 30                                    B. Plaintiff's Fraud Claim

¶ 31        As his second point of contention on appeal, plaintiff argues that the trial court erred in ruling in defendant's favor after bench trial on plaintiff's fraud claim. As defendant correctly points out, however, plaintiff has forfeited that claim in this appeal. In addition to not making any argument about the fraud claim during closing arguments in the trial court, plaintiff made no argument as to the fraud claim in his opening brief on appeal. Plaintiff has, therefore, forfeited any claim of error as to the trial court's ruling on the fraud claim. See *Norway Tree Farm, Inc.*, 8 Ill. App. 3d at 1062; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (indicating that points not argued in the appellant's initial brief are generally forfeited on appeal and shall not be raised in the reply brief, oral argument, or a petition for rehearing); *Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1046 (2009) (same).

¶ 32                                         III. CONCLUSION

¶ 33        For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 34        Affirmed.

10